UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LISA ANNETTE BONNER,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. CV05-1740
No. CR04-125-02

OPINION AND ORDER

**MOSMAN, J.,**

Plaintiff, appearing *pro se*, moves to vacate her sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, I deny the motion. Because the record conclusively shows plaintiff is not entitled to relief, her request for an evidentiary hearing is also denied.

## BACKGROUND

On September 9, 2004, plaintiff pled guilty to a superseding indictment charging her with one count of possession with intent to distribute five grams or more of methamphetamine. As part of the plea agreement, plaintiff waived her right to appeal or collaterally attack her conviction or sentence under 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel. Based on the quantity of methamphetamine involved in the offense, plaintiff was subject to a statutorily-imposed five-year minimum term of imprisonment.

On November 22, 2004, this court sentenced plaintiff to a 70-month term of imprisonment. Under the plea agreement, the government agreed to dismiss all the charges against plaintiff except Count 1, to recommend a two or three level reduction, and to refrain from

PAGE 1 - OPINION AND ORDER

seeking a sentence enhancement under 21 U.S.C. § 851. The court reminded plaintiff at the sentencing hearing that her plea contained a waiver of appeal, that such waivers are usually enforceable, but if she chose to appeal, she must file a notice of appeal within 10 days. Gov't Resp., Ex. 6 at 8. Plaintiff did not file a notice of appeal. On November 15, 2005, plaintiff filed the instant motion.

ANALYSIS

Plaintiff argues her attorney, Thomas Price, provided ineffective assistance of counsel by agreeing that the United States Sentencing Guidelines ("U.S.S.G.") would apply and by not objecting to the application of the U.S.S.G. under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Plaintiff also asks the court to vacate her sentence because, due to her emotional state, she did not understand the impact of waiving her right to appeal the sentence. Defendant argues the issues raised by plaintiff are not cognizable for they assert claims of legal error. *See e.g., United States v. Addonizio*, 442 U.S. 178, 185 (1979). I reject defendant's threshold argument because *pro se* plaintiff's motion under 28 U.S.C. § 2255 attacks the constitutionality of her sentence, and therefore, her claims are cognizable. *See Higdon v. United States*, 627 F.2d 893, 897 (9th Cir. 1980).

A.  Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a plaintiff must show both that counsel's performance was deficient and that the deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In plea proceedings, the movant must show counsel's advice regarding the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, she would not have pled guilty. *Hill v.*

*Lockhart*, 474 U.S. 52, 58-59 (1985). The standard by which a court reviews counsel's performance is highly deferential, and there is a presumption that counsel rendered adequate assistance falling within the range of acceptable professional judgment. *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994).

1. Applicability of U.S.S.G.

Plaintiff's first allegation is that counsel was ineffective because he agreed that the U.S.S.G. would apply. Plaintiff's November 2004 sentencing took place after *Blakely v. Washington*, 542 U.S. 961 (2004) but before *United States v. Booker*, 543 U.S. 220 (2005). Certainly, at plaintiff's sentencing there was some uncertainty regarding how the U.S.S.G. would operate in the future. It is undisputed, however, that the U.S.S.G. applied at plaintiff's sentencing. Counsel's tactical decision to agree that the U.S.S.G. applied was well within the range of professional competence demanded of criminal attorneys, and therefore, this cannot be deemed ineffective assistance of counsel.

2. *Apprendi* Objection to U.S.S.G.

Plaintiff next argues that counsel improperly failed to object to the application of the U.S.S.G. to her in accordance with *Apprendi*. Liberally construed, plaintiff's argument asserts that at the time of her sentencing, counsel should have made an objection that the U.S.S.G. are unconstitutional based on *Apprendi* and *Blakely*, and then after sentencing, counsel could have appealed her guidelines sentence. If counsel had done so, plaintiff's sentence would have been on direct appeal when the Supreme Court issued *Booker*.

The government responds with two arguments. First, the government asserts *Apprendi* does not apply retroactively to cases on initial collateral review. This argument is beside the

PAGE 3 - OPINION AND ORDER

point, and the government's second point is much more compelling: counsel's tactical decision not to enter an *Apprendi* objection does not render his assistance deficient. Under the *Strickland* analysis, counsel's tactical decision was not substandard and in fact, it enabled plaintiff to receive the sentence for which she bargained. In exchange for her plea of guilty to Count One, plaintiff benefitted from both the government's dismissal of the other counts against her and the government's agreement to refrain from seeking a sentence enhancement.

Practically speaking, violations of 21 U.S.C. § 841(b)(1)(B) carry a statutory maximum sentence of 40 years (480 months) and a statutory minimum sentence of 5 years (60 months). Regardless of the constitutionality of the U.S.S.G., plaintiff faced a statutorily-mandated minimum sentence of 60-months. Even if counsel had objected to the constitutionality of the U.S.S.G. and successfully appealed plaintiff's sentence, the best possible outcome plaintiff could have obtained would have been a 60-month sentence, only ten months less than the sentence actually imposed. Furthermore, the hypothetical outcome of 60-months does not take into account the possibility that, in the absence of the plea agreement, the government could have pursued other charges significantly increasing plaintiff's potential sentence beyond 60-months. In sum, the involvement of counsel led to the dismissal of all but one count against plaintiff, no enhancement sought by the government, and downward departures favorable to plaintiff. Counsel's decision to refrain from making an *Apprendi* objection does not render his assistance ineffective.

B.   Involuntary Waiver of the Right to Appeal

Plaintiff argues that her sentence should be vacated because she could not understand the consequence of the appeal waiver provision due to her emotional state. The record does not

PAGE 4 - OPINION AND ORDER

support plaintiff's argument. An express waiver of the right to appeal is valid if made voluntarily and knowingly. *United States v. Buchanan*, 59 F.3d 914, 917 (9th Cir. 1995). In the plea agreement, plaintiff agreed to waive direct appeal of her conviction and sentence. Additionally, during the plea colloquy, plaintiff indicated she was thinking clearly, had read the plea petition, understood the nature of the proceedings, and that no one had threatened or coerced her into entering the plea. Gov't Resp. at 11. The court asked plaintiff if she understood her right to appeal and asked if she wished to "give up" that right to appeal. *Id.* at 12. Plaintiff responded affirmatively to both questions, and based on that exchange, I found plaintiff competent to enter a knowing and voluntary plea. Thus, I reject the conclusory assertions to the contrary raised in plaintiff's current motion. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (declarations by plaintiff in open court "carry a strong presumption of verity").

    C.    Evidentiary Hearing

As to plaintiff's request for an evidentiary hearing, under § 2255 "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "'are so palpably incredible or patently frivolous as to warrant summary dismissal.'" *United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998) (quoting *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989)). If credibility can be decided based on documentary testimony and evidence in the record, no evidentiary hearing is required. *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989) (internal quotations and citation omitted).

PAGE 5 - OPINION AND ORDER

The plaintiff's motion, the files, and the record in this case conclusively show that plaintiff is not entitled to the relief requested under § 2255. Record evidence directly contradicts both her claim of ineffective assistance of counsel and her allegation that she lacked the ability to understand the consequences of her plea agreement. Therefore, an evidentiary hearing is not required.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate or set aside her sentence under 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

DATED this 30th day of January, 2006.

_____
MICHAEL W. MOSMAN
United States District Court